■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOBBY LEE SAMS, Appellant.—Judgment, Supreme Court, New York County, rendered June 18, 1974 convicting defendant, on jury verdict, of sodomy in the first degree (Penal Law, § 130.50), and attempted rape in the first degree (Penal Law, §§ 110.00, 130.35), and sentencing him to concurrent indeterminate terms of imprisonment of 5 to 15 years, is affirmed. We agree with the dissent that the Trial Judge should have excluded cross-examination of the defendant as to his conviction for attempted rape that had occurred 24 years before the trial. (Incidentally this trial took place before the Court of Appeals decision in *People v Sandoval,* 34 NY2d 371). But the evidence of guilt was strong—in our view, overwhelming. The plausibility or lack of plausibility of the complainant's story as to how she happened to be in this section of the city is hardly material. Clearly she was there; and the defendant and she were strangers to each other; and the evidence of the actual crime is very powerful. Complainant's own story of the crime is

strongly corroborated (and defendant's version refuted) by the testimony of disinterested witnesses who heard her asking the defendant to let her go, heard the defendant's threats, and called the police; and by the testimony of the police officers as to hearing her cries, and as to the condition, position and actions of defendant and complainant which the police observed on their arrival. The defendant did in fact testify so that the jury had the benefit of his testimony. The cross-examination as to the previous conviction was extremely limited. There is no "significant probability * * * that the jury would have acquitted the defendant had it not been for the error" *(People v Crimmins,* 36 NY2d 230, 242). Concur—Birns, Lane and Silverman, JJ.

Kupferman, J. P., and Sandler, J., dissent in a memorandum by Sandler, J., as follows: On defendant's appeal from his conviction following a jury verdict of sodomy in the first degree and attempted rape in the first degree, the issue presented is whether reversible error occurred when the trial court permitted him to be cross-examined with regard to a conviction for attempted rape in the first degree that had occurred some 24 years previously. That this trial ruling was erroneous cannot, I think, be seriously doubted. As the Court of Appeals pointed out in *People v Sandoval* (34 NY2d 371, 376): "The commission of an act of impulsive violence, particularly if remote in time, will seldom have any logical bearing on the defendant's credibility, veracity or honesty at the time of trial." The critical question is whether the trial evidence, taken as a whole, was "overwhelming" as that term was used by the Court of Appeals in *People v Crimmins* (36 NY2d 230, 242), so that the error could be deemed prejudicial only if it were concluded that there was "a significant probability" that the jury would have otherwise acquitted the defendant. I am persuaded that the evidence disclosed by this record, although strong, is by no means overwhelming and that the undoubted error that occurred cannot be deemed to have been harmless in this case. Indisputably the testimony of several officers as to their observations when they came upon the defendant and the complaining witness in the staircase of a building, as well as their report of what the defendant immediately said to them, strongly supports the basic version presented by the complaining witness. Moreover, the defendant's testimony with regard to the events in the building immediately preceding the arrival of the police officers is implausible. On the other hand, the complaining witness' account of the remarkable series of misadventures that brought her to the neighborhood in which she encountered the defendant raises substantial questions as to her credibility. So too does her recital of what occurred when she and the defendant first came together. She testified in substance that the defendant approached her from behind on a public street in broad daylight, grabbed her by the arm, told her to keep walking, and that they walked together a distance of one and a half to two blocks without a single further word passing between them until he brought her into the building. These aspects of her testimony not only raise genuine questions as to her reliability but they lend some support, at least, to the defendant's claim that the complaining witness had first agreed to engage in sex with him for money and thereafter changed her mind. In part the corroborative evidence presented by the District Attorney was consistent with the defendant's contention that there was a dispute accompanying the alleged change of mind by the complaining witness. The rest presented issues of reliability for the jury's consideration of a traditional kind that should not have been affected by the introduction of the long ago conviction.

Of course it may well be that the testimony of the complaining witness was true in all respects. But I think it obvious that jurors might reasonably have doubted her truthfulness and that this real possibility precludes an evaluation of the evidence in this case as overwhelming. Given the nature of the central issue developed at the trial, the error in permitting the defendant to be cross-examined with regard to a conviction that occurred some 24 years before on a charge involving sexual misconduct identical in name to one of those for which he was on trial cannot be considered harmless. (Cf. *People v Caviness*, 38 NY2d 227.) Accordingly, the judgment of conviction should be reversed and the case remanded for a new trial.