**Bobby Lee SAMS, Petitioner,**

v.

**WARDEN, NEW YORK CITY HOUSE OF DETENTION, Respondent.**

80 Civ. 3580.

United States District Court,
S. D. New York.

Feb. 13, 1981.

Bobby Lee Sams, pro se.

Robert Abrams, Atty. Gen. of N. Y., New York City, for respondent; William J. Caplow, Asst. Atty. Gen., New York City, of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Petitioner, convicted in the Supreme Court of the State of New York upon a jury trial of the crimes of sodomy in the first degree (Penal Law § 130.50) and attempted rape in the first degree (Penal Law §§ 110.00, 130.35), and now serving concurrent terms of not less than five but not more than fifteen years of imprisonment, seeks his release upon a federal writ of habeas corpus. The petitioner's conviction was affirmed by the Appellate Division with two judges dissenting.[1] Leave to appeal to the Court of Appeals was denied by one of the dissenting judges and also by a judge of the Court of Appeals.

Petitioner attacks his judgment of conviction as void upon the grounds that: (1) the indictment upon which he was tried and convicted "did not specify the particular conduct of the charge"; (2) the trial court erred in allowing the state to cross-examine him with respect to prior convictions despite his objection; (3) his trial counsel was inadequate; (4) the trial court refused to recall a People's witness for cross-examination; (5) the trial court refused to direct petitioner's verdict for acquittal, and (6) section 5601(a) of the CPLR mandates a Court of

Appeals ruling on the appeal but was not heeded.

■ As to the six grounds advanced in support of the writ of habeas corpus, only the second (cross-examination as to prior convictions) requires consideration since, as to the others, he clearly has failed to exhaust available state remedies as required by section 2254. As to these, petitioner here has simply culled points from his brief to the Appellate Division urging reversal of his conviction. These were not presented in terms of any alleged violation of his federal constitutional rights; rather, they were advanced as either evidentiary or procedural errors under state law. No contention was made there of a violation of any specified federal constitutional right and indeed no allegation is made in the instant petition, as required by 28 U.S.C. § 2254(a), of a "violation of the Constitution or laws or treaties of the United States." The state courts are entitled to have the first opportunity to hear and pass upon any alleged federal constitutional violation before it may be said that a petitioner has exhausted state remedies.[2] Accordingly, claims 1, 3, 4, 5 and 6 are dismissed for failure to exhaust state remedies.

The only claim that may merit consideration is that the trial court erred in allowing the state to interrogate the defendant regarding his prior convictions. And since this claim also was presented in terms of evidential error involving the court's discretion, it is questionable that petitioner has exhausted available state remedies. However, this Court, in the consideration of petitioner's application, has read the briefs submitted to the Appellate Division and the four hundred page trial transcript "word-by-word," and deems it desirable to dispose of this issue in an effort to conserve judicial resources and avoid duplicative time-consuming activity that would follow a dismissal of this claim.

As to the charges upon which petitioner was convicted, the evidence offered by the

---

1. *People v. Sams*, 68 A.D.2d 803, 414 N.Y.S.2d 4 (1st Dep't 1979).

2. *See Picard v. Connor*, 404 U.S. 270, 275–78, 92 S.Ct. 509, 512–13, 30 L.Ed.2d 438 (1971); *Johnson v. Metz*, 609 F.2d 1052 (2d Cir. 1979).

People was that of the complainant; also, a tenant in the apartment house where the offense occurred, who heard scuffling and outcries; three policemen who responded to a radio emergency call that prowlers were on the roof of the building, and the defendant's actions, his state of dress and statements when police officers came upon him and the complainant on the roof landing of the building.

The defendant testified in his own behalf. His version of events was in sharp conflict with that of the complainant; it also differed on material matters from that of the other witnesses. There is no need to recite in detail the sordid trial evidence. The testimony of the People's witnesses, if accepted by the jury, as it was, clearly was more than sufficient to sustain the verdict.

After petitioner concluded his direct testimony, a previously made motion to exclude evidence of petitioner's past criminal record was denied.[3] On cross-examination the prosecution briefly questioned petitioner regarding his convictions in 1950 for attempted rape and assault and in 1961 for robbery in the third degree. These convictions were entered, respectively, twenty-four and thirteen years prior to petitioner's trial in March 1974.

█ Under New York law, whether the prosecutor should have been allowed to impeach petitioner's credibility based upon the prior convictions was vested in the discretion of the trial judge and governed by the individual facts and circumstances of

the case.[4] One of the significant factors to be considered in deciding admissibility is the remoteness of the prior conviction.

Upon appeal to the Appellate Division, it was urged that the admission of the prior convictions was unduly prejudicial; that while such evidence was admissible on the issue of petitioner's credibility, it was contended that its prejudicial effect far outweighed its probative value. All five Justices of the Appellate Division agreed that as to the attempted rape conviction that occurred twenty-four years before the trial, the trial court committed error and should have precluded the cross-examination of petitioner on that conviction. Their disagreement was solely on whether, except for its admission in evidence, there was under New York law a "significant probability . . . that the jury would have acquitted the defendant."[5] The majority of the Appellate Division, noting that "the evidence of guilt was strong,—in our view, overwhelming," concluded that even if the twenty-four year old prior conviction had been excluded, there was no "significant probability of acquittal."[6] The minority, although agreeing that the evidence "strongly support[ed] the basic version presented by the complaining witness,"[7] and that petitioner's version of events immediately preceding the arrival of the police was "implausible," nonetheless concluded that the error could not be considered harmless since in view of the diametrically opposed versions of complainant and petitioner, had his record been excluded, there was a "real possibility" that the

---

3. The trial took place prior to the Court of Appeals' decision in *People v. Sandoval*, 34 N.Y.2d 371, 357 N.Y.S.2d 849, 314 N.E.2d 413 (1974), which provided guidelines for an advance ruling by a trial judge in the exercise of his sound discretion as to the use by a prosecutor of prior specific criminal actions or immoral acts in cross-examination impeachment of defendant. The petitioner upon his trial based his motion upon *Luck v. United States*, 348 F.2d 763 (D.C.Cir.1965) which held that the trial judge had discretion to exclude evidence of prior convictions offered to impeach a defendant's credibility.

Currently, in the Federal Courts, the use of prior convictions for the purpose of attacking the credibility of a witness is governed by Rule 609(b) of the Federal Rules of Evidence, which

renders inadmissible a more than 10 year-old conviction against a witness "unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect."

4. *E. g., People v. Sandoval*, 34 N.Y.2d 371, 375, 357 N.Y.S.2d 849, 853, 314 N.E.2d 413, 416 (1974).

5. *People v. Crimmins*, 36 N.Y.2d 230, 243, 367 N.Y.S.2d 213, 222, 326 N.E.2d 787, 794 (1975).

6. *People v. Sams*, 68 A.D.2d 803, 414 N.Y.S.2d 4 (1979).

7. *Id.* 414 N.Y.S.2d at 5.

jury would have rejected her version and hence it could not be said that the evidence was "overwhelming" under *Crimmins*. It is clear that all the Justices considered the issue one of evidential error.

■ To be sure, it was prejudicial. But that does not mean that petitioner was deprived of a federally protected constitutional right. Indeed, the very fact that Rule 609(b) of the Federal Rules of Evidence permits cross-examination of a defendant or witness of a more than ten-year old conviction where a court determines "in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect" suggests the absence of constitutional taint in the event evidence of prior convictions is permitted.[8] Where it is found that a trial court abused its discretion, the end result would be the granting of a new trial and not the voiding of the judgment of conviction as petitioner here seeks. Evidence offered by a party against an opposing side or in challenge to a witness' credibility is made for its prejudicial impact—indeed, Judge Learned Hand, with characteristic pungency, noted that "if [testimony] 'prejudiced' [the defendant], that was precisely its entirely laudible purpose."[9] And he made a similar observation with respect to a charge of bias.[10]

But even if it were to be assumed that the questioning of petitioner on the remote convictions reached constitutional magnitude, he would not be entitled to relief.

First, a study of the record indicates beyond peradventure that a "rational trier of fact could have found proof of guilt beyond a reasonable doubt."[11] No more need be said on this subject than to refer to the views of the majority of the Justices of the Appellate Division that the evidence of petitioner's guilt was overwhelming and that of the minority that petitioner's testimony was "implausible." Next, even if the error were assumed to be of constitutional dimension, it was harmless beyond a reasonable doubt.[12]

The petition is dismissed.

---

**8.** *Cf. U. S. v. Figueroa*, 618 F.2d 934, 942 n.3 (2d Cir. 1980); *U. S. v. Hayes*, 553 F.2d 824, 828 n.7 (2d Cir.), *cert. denied*, 434 U.S. 867, 98 S.Ct. 204, 54 L.Ed.2d 143 (1977); *U. S. v. Zubkoff*, 416 F.2d 141 (2d Cir. 1969), *cert. denied*, 396 U.S. 1038, 90 S.Ct. 684, 24 L.Ed.2d 682 (1970); *U. S. v. Palumbo*, 401 F.2d 270 (2d Cir. 1968), *cert. denied*, 394 U.S. 947, 89 S.Ct. 1281, 22 L.Ed.2d 480 (1969); *see also Williams v. Henderson*, 451 F.Supp. 328 (E.D.N.Y.), *aff'd*, 584 F.2d 974 (2d Cir. 1978) (egregious conduct of prosecutor in probing into details of prior crimes and his inflammatory comments in summation deprived defendant of a fair trial in violation of the due process clause of the Fourteenth Amendment).

**9.** *U. S. v. Compagna*, 146 F.2d 524, 530 (2d Cir. 1944).

**10.** "The plaintiff ... seems to intimate that in doing so he [the judge] was actuated by a bias in 'Alcoa's' favor; and, if by that is meant that 'Alcoa' completely satisfied him of its innocence throughout, bias he certainly showed. That, however, is precisely the bias which all evidence is intended to create, and which it should create, if a court does its duty." *U. S. v. Aluminum Company of America*, 148 F.2d 416, 433 (2d Cir. 1945).

**11.** *Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 2792, 61 L.Ed.2d 560 (1979); *see Baker v. Reid*, 482 F.Supp. 470, 471–72, 473 (S.D.N.Y.1979).

**12.** *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967).