UNITED STATES of America, Appellee,

v.

Leroy HAYES, Appellant.

No. 713, Docket 76–1508.

United States Court of Appeals, Second Circuit.

Argued Jan. 28, 1977.

Decided April 21, 1977.

---

Frederick H. Cohn, New York City, for appellant.

Sarah Schrank Gold, Asst. U. S. Atty., New York City (Robert B. Fiske, Jr., U. S. Atty., S. D. N. Y., Lawrence B. Pedowitz, Asst. U. S. Atty., New York City, of counsel), for appellee.

Before FEINBERG, OAKES and GUR-FEIN, Circuit Judges.

OAKES, Circuit Judge:

This appeal is from a judgment of conviction following a jury verdict in the United States District Court for the Southern District of New York, Irving Ben Cooper, Judge. Appellant was convicted on two counts each of robbing, 18 U.S.C. § 2113(a), and using a weapon in connection with the robbery, 18 U.S.C. § 2113(d), of a branch of The Manufacturers Hanover Trust Company on March 25, 1976, and a Chase Manhattan Bank branch on April 1, 1976. Similar act evidence was introduced as to another robbery by appellant of the Swiss Bank Corporation in the same general area of

New York City on March 24, 1976.[1] A fifth count, for assault on federal agents at the time of appellant's arrest, 18 U.S.C. § 111, was based on events occurring on April 2, 1976, on the sidewalk in front of a branch of the Irving Trust Company. We affirm on all counts.[2]

Appellant does not question the sufficiency of the evidence to sustain his conviction on any count. Nor could he, for the evidence, from numerous eyewitnesses and surveillance photographs, was more than ample to warrant conviction. He does question the legality of the search of the briefcase he was carrying when arrested, on the basis that there was no probable cause to arrest him; the court's refusal to suppress evidence of a recent narcotics conviction so that he might testify; the judge's charge on the Swiss Bank robbery evidence and "the unnecessary admission of testimony under it"; and the court's supplemental charge on the amount of force permissible in respect to the assault count.

## I.

We hold that there was probable cause to arrest appellant and hence that the search of his briefcase was lawful. Before arresting appellant, federal agents closely observed him and, standing at one point only five feet from him, compared his features with those in the concededly excellent quality bank surveillance photographs that they had with them. Such a photographic comparison may be sufficient evidence to establish guilt beyond a reasonable doubt, see *United States v. Fernandez*, 456 F.2d 638, 642 (2d Cir. 1972) (dictum), and thus a fortiori may constitute probable cause for an arrest. Here, moreover, the agents had descriptions from all three robberies: a tall, light-skinned, black man with sideburns and a moustache, wearing a ski cap and dark glasses, in the Manufacturers Hanover and Chase Manhattan robberies carrying a briefcase, in the Manufacturers Hanover and Swiss Bank robberies carrying a silver gun, and in the Swiss Bank robbery wearing white tape on his nose. Prior to Hayes's apprehension, as he was seen looking at, entering, and leaving the vestibule of the Irving Trust Co., in the same general area as the other banks, he was observed to be tall and light-skinned, to be wearing sideburns and a moustache, a business suit, dark glasses and tape on his nose, and carrying a briefcase. The motion to suppress was properly denied,[3] and hence the evidence that Hayes's briefcase contained a silver gun similar in appearance to that used in the Manufacturers Hanover and Swiss Bank robberies was properly admitted as the product of a search incident to a lawful arrest.

## II.

We further hold that the court below did not err in refusing to suppress appellant's recent narcotics conviction. Appellant was convicted in early 1976 of one count of importation of cocaine. 21 U.S.C. § 952(a). Under Rule 609(a) of the Federal Rules of Evidence, he sought a ruling in the instant case that the Government would not be permitted to use this conviction in cross-examining him if he should testify in his own defense. He was unsuccessful and accordingly did not take the stand. Rule 609(a) established a two-pronged test of admissibility:

> For the purposes of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable

---

1. The Swiss Bank Corporation robbery was not charged as a separate crime because that institution does not qualify as a "bank" as that term is defined in the federal bank robbery statute, 18 U.S.C. § 2113(f).

2. Appellant was sentenced to consecutive terms of 15 years on two of the counts, and three years on the fifth count.

3. *United States v. Shavers*, 524 F.2d 1094 (8th Cir. 1975), the main case relied on by appellant, is wholly inapposite. There the arresting officer had only the vaguest of descriptions and no photographs of the suspect.

by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

Under the second prong of this rule, evidence of conviction of a certain type of crime—one involving "dishonesty or false statement"—must be admitted, with the trial court having no discretion,[4] regardless of the seriousness of the offense or its prejudice to the defendant.[5] Because this rule is quite inflexible, allowing no leeway for consideration of mitigating circumstances, it was inevitable that Congress would define narrowly the words "dishonesty or false statement," which, taken at their broadest, involve activities that are part of nearly all crimes. Hence Congress emphasized that the second prong was meant to refer to convictions "peculiarly probative of credibility," such as those for "perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi,[6] the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully." Conf.Rep.No. 93–1597, 93d Cong., 2d Sess. 9, *reprinted in* [1974] U.S.Code Cong. & Ad. News, pp. 7098, 7103.

The use of the second prong of Rule 609(a) is thus restricted to convictions that bear *directly* on the likelihood that the defendant will *testify* truthfully (and not merely on whether he has a propensity to commit crimes). It follows that crimes of force, such as armed robbery or assault, *United States v. Smith*, No. 75–1920, at 362–365 (D.C.Cir.1976), or crimes of stealth, such as burglary, *see id.* at 364 n.28, or petit larceny, *Virgin Islands v. Testamark*, 428 F.2d 742, 743 (3d Cir. 1976); *but see United States v. Carden*, 529 F.2d 443, 446 (5th Cir.), *cert. denied*, 429 U.S. 848, 97 S.Ct. 134, 50 L.Ed.2d 121 (1976), do not come within this clause. If the title of an offense leaves room for doubt, a prosecutor desiring to take advantage of automatic admission of a conviction under the second prong must demonstrate to the court "that a particular prior conviction rested on facts warranting the dishonesty or false statement description." *United States v. Smith, supra*, at 364 n.28.

Appellant's conviction was for the importation of cocaine, a crime in the uncertain middle category—neither clearly covered nor clearly excluded by the second prong test—and thus one as to which the Government must present specific facts relating to dishonesty or false statement. If this importation involved nothing more than stealth, the conviction could not be introduced under the second prong. If, on the other hand, the importation involved false written or oral statements, for exam-

4. It is an open question whether the trial judge retains residual discretion under Fed.R.Evid. 403 to exclude a conviction on grounds of confusion, waste of time, or extreme prejudice. *United States v. Smith*, No. 75–1920, 551 F.2d 348 at 358 – 359 n.20 (D.C.Cir.1976).

5. The Congressional Conference Committee, which produced the final compromise version of this much-amended Rule, explained:

> The admission of prior convictions involving dishonesty and false statement is not within the discretion of the Court. Such convictions are peculiarly probative of credibility and, under this rule, are always to be admitted. Thus, judicial discretion granted with respect to the admissibility of other prior convictions is not applicable to those involving dishonesty or false statement.

Conf.Rep.No. 93–1597, 93d Cong., 2d Sess. 9, *reprinted in* [1974] U.S.Code Cong. & Ad.News, pp. 7098, 7103. A more extensive history of Rule 609(a) may be found in *United States v. Smith, supra*. *See also United States v. Jackson*, 405 F.Supp. 938 (E.D.N.Y.1975).

6. The ancient term "crimen falsi" at common law referred to crimes that involved fraud or deceit, not simply on a private individual, but on the judicial process. The term has a broader meaning in civil jurisdictions, and some modern sources have blurred the distinctions between the civil and common law views, but under both views fraud or deceit is always a prerequisite. *United States v. Smith, supra*, at 362 n.26.

ple on customs forms, the conviction would be automatically admissible. Because nothing more than the bare fact of conviction is before us, we must conclude that the prosecution has failed to carry its burden of justifying the admission of appellant's conviction under the second prong of Rule 609(a).

If a conviction may not be automatically admitted under the second prong, however, it may still be admitted in the court's discretion if it meets the criteria of the first. Under this test, a court must balance the probative value of the conviction against its prejudicial effect to the defendant. Unlike the rule that prevailed before Rule 609, see e.g., United States v. Palumbo, 401 F.2d 270, 273 (2d Cir. 1968), cert. denied, 394 U.S. 947, 89 S.Ct. 1281, 22 L.Ed.2d 480 (1969), the Government has the burden of showing that probative value outweighs prejudice. United States v. Smith, supra, at 359 – 360; United States v. Mahone, 537 F.2d 922, 929 (7th Cir. 1976).

We hold that the district court did not abuse its discretion in admitting the conviction here. Several factors impel this conclusion. First, as Judge Cooper noted, the conviction was a very recent one (two months before the trial here, and after the bank robberies charged), and we have held that convictions have more probative value as they become more recent, see United States v. De Angelis, 490 F.2d 1004, 1009 (2d Cir.), cert. denied, 416 U.S. 956, 94 S.Ct. 1970, 40 L.Ed.2d 306 (1974); United States v. Puco, 453 F.2d 539, 543 (2d Cir. 1971).[7] Second, the conviction was for a type of crime—smuggling—that ranks relatively high on the scale of veracity-related crimes, see United States v. De Angelis, supra, 490 F.2d at 1009 (interstate transportation of untaxed cigarettes), although not so high as to fall clearly within the second prong of

Rule 609(a), as discussed supra. The conviction here has more probative value on credibility than, for example, a conviction for mere narcotics possession,[8] or for a violent crime, id.; United States v. Smith, supra, at 365. Third, appellant testified in his own defense at the trial that resulted in his prior conviction, and his conviction can be viewed as "a de facto finding that the accused did not tell the truth when sworn to do so." Gordon v. United States, 127 U.S.App.D.C. 343, 383 F.2d 936, 940 n.8 (1967), cert. denied, 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968). Finally, the conviction was for a crime substantially different from the instant prosecution, so that there was not here the prejudice to appellant that inevitably results from the introduction of a conviction for the same crime as that for which he is on trial. See United States v. De Angelis, supra, 490 F.2d at 1009. While the court below was not as explicit as it could have been in identifying and weighing the relevant indicia of probative value and prejudice, we cannot say that it abused its discretion in concluding that the Government here carried its burden of showing that the probative value of appellant's conviction on the issue of his credibility outweighed its prejudice to him.

## III.

The judge's limiting charge on the plainly admissible Swiss Bank "similar act" evidence, Fed.R.Evid. 404(b),[9] was not erroneous. The trial court charged the jury to consider the evidence "in connection with the problem of identification." Four witnesses in the Swiss Bank had identified appellant, with varying degrees of certainty and precision, as the robber in the bank. Only the Swiss Bank surveillance photographs showed the silver-colored gun and

---

7. Of course, if a conviction for any crime is more than ten years old, stricter standards apply to its admission. Fed.R.Evid. 609(b).

8. In terms of credibility a conviction for sale of narcotics may fall somewhere between a conviction for narcotics smuggling and one for narcotics possession. See United States v. Ortiz, 553 F.2d 782 (2d Cir. 1977).

9. The suggestion is made that the evidence was "unnecessary," but clearly it went to show a modus operandi, a "plan" under Fed.R.Evid. 404(b). See United States v. Campanilè, 516 F.2d 288, 292 (2d Cir. 1975).

the white tape on the robber's nose, key items going to identify (as well as to probable cause, as discussed in part I, *supra*). The judge's limiting instruction was perfectly correct. While ordinarily such an instruction would also point out that the evidence was not to be considered as showing bad character, the defense here had specifically asked the court *not* to include that charge.[10] In the subsequent general charge, the judge charged the jury completely and accurately, without objection.[11]

## IV.

■ The final point made by appellant relates to the supplemental charge made in response to a request from the jury for clarification "in layman's language" of the right to defend oneself, which appellant raised as a defense to the count charging

assault on federal officers. Objection was made to the entire supplementary charge, which as we read it properly charged the underlying law,[12] and particularly to the use of hypothetical cases, one involving a resistant drug dealer and the other a deaf man, on the basis that the charge "reduced the defense argument to an absurdity." While this court has cautioned against the use of hypotheticals in a general charge if they may tend to divert the jury from the law, *United States v. Cassino*, 467 F.2d 610, 619 (2d Cir. 1972), *cert. denied*, 410 U.S. 913, 928, 942, 93 S.Ct. 957, 35 L.Ed.2d 276 (1973), we have a different situation here, since the jury expressed its confusion and specifically asked for further explanation "in layman's language." The judge introduced his two examples as, respectively, "an entirely distinct example" and "an extreme example."

10. When the Swiss Bank evidence was about to be offered, defense counsel, in a robing room conference, specifically requested that the usual limiting charge be altered:

I beg your Honor to be quite careful when you talk about "It is not evidence of bad character," because, again, that highlights the thing that is to be forbidden in a sense, and then the jury says, "Oh, but it could be used as evidence of bad character," and so I would implore your Honor to say that this is merely an aid to identification; that there is no concession that this is the defendant by anyone; that is a question which you will have to find—

The same way you find the two charges, and I would ask you to omit any caution about showing bad character, because there is no firm evidence that it is my client.

11. The judge's charge, in relevant part, was as follows:

Evidence that an act was done at one time or on one occasion is not any evidence or proof whatever that a similar act was done at another time, or on another time, or on another occasion. That is to say, evidence that a defendant committed an act of a like nature may not be considered by the jury in determining whether the accused committed any crime actually charged in the indictment. Then how may it be considered, this evidence relating to the Swiss Bank?

The jury may consider that evidence for the specific limited purpose of demonstrating similarity of method and similarity of mode of operation, which might shed some light on the identity of this defendant as the man who committed the criminal acts at the Manufac-

turers Hanover Trust and at the Chase Manhattan Bank.

I repeat: The jury may consider that evidence with regard to the Swiss Bank for the specific limited purpose of demonstrating similarity of method and similarity of mode of operation, which might shed some light on the identity of this defendant as the man who committed the criminal acts at the Manufacturers Trust Company and at the Chase Bank.

Such evidence relating to the Swiss Bank offense may not, I emphasize, may not be considered by the jury for any other purpose whatsoever. I emphasize, the jury is not to infer that the defendant has a criminal propensity or bad character because of this evidence.

12. The court charged:

If you have got the impression that they exerted force other than what their duty required, then throw out the charge. But if they used reasonable force, they had a right to.

So that if under all the circumstances you say under all the evidence dealing with what took place on that particular occasion, you believe that this defendant, you see, acted in ignorance of the officer's identity, and actually he believed—this defendant believed he was acting in lawful defense of his person or property, and he used no more than reasonable force in effectuating that purpose, he might be justified in exerting an element of resistance, and such an honest mistake of fact would be inconsistent with a criminal intent on his part.

**830**

After explaining the hypotheticals, the judge distinguished the "layman's language" he had used from the "language that the law lays down," thus reemphasizing that the hypotheticals were for purposes of illustration only. We hold that there was no error in the supplemental charge.

Judgment affirmed.