**Jacob F. TUSSEL, Plaintiff,**

v.

**WITCO CHEMICAL CORPORATION, Defendant.**

**Civ. A. No. 80–110.**

United States District Court, W.D. Pennsylvania.

Feb. 1, 1983.

John Gismondi, Richard D. Gilardi, Gilardi & Cooper, Pittsburgh, Pa., for plaintiff.

Craig W. Jones, Reed, Smith, Shaw & McClay, Attys. at Law, Pittsburgh, Pa., for defendant.

## OPINION

MENCER, District Judge.

The case presently before the Court is a civil action wherein the plaintiff is seeking damages for personal injuries. Jacob Tus-

sel has alleged that he was injured when, on February 28, 1978, he drove a tanker truck loaded with carbolic acid to Witco's Bradford, Pennsylvania plant for unloading. More specifically, he claims he was burned when a hose being used to unload the acid ruptured as a result of the negligence of a Witco employee. The case has proceeded through the pre-trial conference stage and trial is set to begin on March 22, 1983.

Tussel has filed with this Court a motion *in limine* seeking an order prohibiting Witco from attacking his credibility by way of cross-examination regarding his guilty plea in 1978 to a charge of conspiring to import a controlled substance. The charge to which Tussel plead guilty is one which carries the potential for imprisonment in excess of one year. 21 U.S.C. §§ 952, 960, 963 (1981).

The issue raised by Tussel requires an examination of Rule 609 of the Federal Rules of Evidence.[1] The rule provides:

(a) General rule. For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

Fed.R.Evid. 609(a).

In order to apply the rule correctly we must look first to Fed.R.Evid. 609(a)(2) which mandates the admission of all convictions[2] of any crime involving dishonesty or

---

1. Fed.R.Evid. 609(a) is applicable to all witnesses in a civil proceeding. 10 J. Moore & H. Bendix, Moore's Federal Practice § 609.03 (2d ed. 1982).

2. "A guilty plea which results in conviction is of course fully equivalent for impeachment purposes to a determination of guilt following trial.

A guilty plea is thus fully admissible for impeachment purposes, assuming the prerequisites of Rule 609 of the Federal Rules of Evidence are satisfied." *United States v. Pardo*, 636 F.2d 535, 545 n. 32 (D.C.Cir.1980) (citation omitted); 2 C. Torcia, Wharton's Criminal Procedure § 339, at 224 & n. 18 (12th ed. 1975).

false statement.[3] The Conference Committee Report on the final compromise version of this rule explained the use of the phrase dishonesty or false statement as meaning "crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully.[4] The term "crimen falsi"

involves the element of falsehood, and includes everything which has a tendency to injuriously affect the administration of justice by the introduction of falsehood and fraud. A crime less than a felony that by its nature tends to cast doubt on the veracity of one who commits it. This phrase is also used as a general designation of a class of offenses, including all such as involve deceit or falsification; *e.g.,* forgery, counterfeiting, using false weights or measures, perjury, etc. Includes forgery, perjury, subornation of perjury, and offenses affecting the public administration of justice.

Black's Law Dictionary 446 (rev. 4th ed. 1968) (citations omitted).[5]

■ Both the courts and commentators have expressed differing opinions regarding the applicability of the crimen falsi description to a narcotics conviction for the purpose of invoking Fed.R.Evid. 609(a)(2). *See United States v. Lewis,* 626 F.2d 940 (D.C. Cir.1980); *United States v. McLister,* 608 F.2d 785 (9th Cir.1979); *United States v. Hastings,* 577 F.2d 38 (8th Cir.1978); *United States v. Hayes,* 553 F.2d 824 (2d Cir. 1976), *cert. denied,* 434 U.S. 867, 98 S.Ct. 204, 54 L.Ed.2d 143 (1977); and 3 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 609[04] (1981); 3 D. Louisell & C. Mueller, Federal Evidence § 317 (1979 & Supp.1982). The Courts in both *Hastings* and *Hayes* suggest that a district court may look to the underlying factors regarding the narcotics conviction in order to determine whether it

3. The Conference Committee Report on the final compromise version of Rule 609 contains the following explanatory statement regarding Fed.R.Evid. 609(a)(2):

> The admission of prior convictions involving dishonesty and false statement is not within the discretion of the Court. Such convictions are peculiarly probative of credibility and, under this rule, are always to be admitted. Thus, judicial discretion granted with respect to the admissibility of other prior convictions is not applicable to those involving dishonesty or false statement.

Conf.Rep. No. 1597, 93d Cong., 2d Sess. 9, *reprinted in* 1974 U.S.Code Cong. & Ad.News 7051, 7098, 7103.

Fed.R.Evid. 102 requires a construction of the rules which secures "fairness in administration", eliminates "unjustifiable expense and delay", and promotes the "growth and development of the law of evidence to the end that the truth may be ascertained and proceedings justly determined." Fed.R.Evid. 403 allows a court to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury...." And, Fed.R.Evid. 611(a) provides "the court shall exercise reasonable control ... so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." The effect of the interaction between these rules of discretion and Fed.R.Evid. 609(a)(2) is

as yet unresolved. *See United States v. Provenzano,* 620 F.2d 985, 1003 n. 23 (3d Cir.), *cert. denied,* 449 U.S. 899, 101 S.Ct. 267, 66 L.Ed.2d 129 (1980); *United States v. Hayes,* 553 F.2d 824, 827 n. 4 (2d Cir.1976), *cert. denied,* 434 U.S. 867, 98 S.Ct. 204, 54 L.Ed.2d 143 (1977); *United States v. Smith,* 551 F.2d 348, 358 n. 20 (D.C.Cir.1976). *But see United States v. Toney,* 615 F.2d 277 (5th Cir.), *cert. denied,* 449 U.S. 985, 101 S.Ct. 403, 66 L.Ed.2d 248 (1980) (Court held 2–1 that Fed.R.Evid. 403 does not provide a district court with the discretion to prohibit impeachment by a conviction of a crime involving dishonesty or false statement); 10 J. Moore & H. Bendix, *supra* note 1, at § 609.02. We express no opinion on this issue.

4. Conf.R. No. 1597, supra note 3, at 7103.

5. The ancient term "crimen falsi" at common law referred to crimes that involved fraud or deceit, not simply on a private individual, but on the judicial process. The term has a broader meaning in civil jurisdictions, and some modern sources have blurred the distinctions between the civil and common law views, but under both views fraud or deceit is always a prerequisite. *United States v. Smith,* [551 F.2d] at 362 n. 26. *United States v. Hayes,* 553 F.2d 824, 827 n. 6 (2d Cir.1976), *cert. denied,* 434 U.S. 867, 98 S.Ct. 204, 54 L.Ed.2d 143 (1977).

was a crimen falsi offense. "We are satisfied that a conviction on a narcotics charge is not a crime which 'involves dishonesty or false statement' within the meaning of Rule 609(a)(2) *at least where there has been no showing that the particular prior conviction rested on facts warranting the 'dishonesty or false statement' description." Hastings,* 577 F.2d at 41 (citations omitted) (emphasis added). "Appellant's conviction was for the importation of cocaine, a crime in the uncertain middle category—neither clearly covered nor clearly excluded by the second prong test—and thus one as to which the Government must present specific facts relating to dishonesty or false statement." *Hayes,* 553 F.2d at 827. In what appears to be the most recent decision on this issue the District of Columbia Circuit rejects, as an improper methodology for applying Rule 609(a)(2), inquiry by a district court into the manner in which a crime was committed. The Court instead interprets the rule "to require that the crime 'involved dishonesty or false statement' as an *element* of the statutory offense." *Lewis,* 626 F.2d at 946 (emphasis in original). We agree that this is the most desirable approach to an application of Fed.R.Evid. 609(a)(2). An earlier decision of the District of Columbia Circuit is instructive on this point.

> Although it may be argued that any willful violation of law, such as ... the unlawful possession of narcotics, evinces a lack of character and a disregard for all legal duties, including the obligation of an oath, Congress has not accepted that expansive theory. On the contrary, ... Congress has "narrowly defined" the offenses comprehended by Rule 609(a)(2).

*United States v. Millings,* 535 F.2d 121, 123 (D.C.Cir.1976). The expansive theory embraced by proponents of a flexible application of the definition of crimen falsi offenses would, if carried to its logical extreme, result in the admissibility for impeachment purposes of all prior convictions for intentional violations of law. It is clear from the Conference Committee Report that Congress recognized a distinction

between "offenses in the nature of crimen falsi" and other criminal offenses. Congress found the former to be "peculiarly probative of credibility" and, therefore, convictions of such offenses are "always to be admitted." [6] We find the distinction recognized by Congress valid for purposes of applying Rule 609(a)(2). We also find that the test enunciated in *Lewis,* 626 F.2d at 946, is a sound one. This test provides the most practical, efficient and consistent manner in which a trial judge can utilize the rule.

■ The offense for which Tussel was convicted does not contain an element involving dishonesty or false statement. 21 U.S.C. §§ 952, 963 (1981). Fed.R.Evid. 609(a)(2) is, therefore, inapplicable and the conviction is not admissible under that portion of Rule 609(a).

■ Evidence which does not fall within the ambit of Rule 609(a)(2) may nevertheless be admissible for impeachment purposes under the provisions of 609(a)(1). The prerequisites for use of a prior criminal conviction for impeachment purposes pursuant to Fed.R.Evid. 609(a)(1) are the conviction of a crime in the nature of a felony, i.e., "[a crime] punishable by death or imprisonment in excess of one year", and a determination by the court "that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant." Fed.R.Evid. 609(a)(1).

The argument has been made that the balancing test required by Rule 609(a)(1) is applicable only when the defendant in a criminal trial will potentially suffer some prejudice. The argument is lent support by the Conference Committee Report on Rule 609(a).

> With regard to the discretionary standard established by paragraph (1) of rule 609(a), the Conference determined that the prejudicial effect to be weighed against the probative value of the conviction is specifically the prejudicial effect *to the defendant.* The danger of prejudice to a witness other than the defend-

---

**6.** Conf.R. No. 1597, *supra* note 3, at 7103.

ant (such as injury to the witness' reputation in his community) was considered and rejected by the Conference as an element to be weighed in determining admissibility. It was the judgment of the Conference that the danger of prejudice to a nondefendant witness is outweighed by the need for the trier of fact to have as much relevant evidence on the issue of credibility as possible. Such evidence should only be excluded where it presents a danger of improperly influencing the outcome of the trial by persuading the trier of fact to convict the defendant on the basis of his prior criminal record. Conf.Rep. No. 1597, 93d Cong., 2d Sess. 9, *reprinted in* 1974 U.S.Code Cong. & Ad. News 7098, 7103 (emphasis in original). There are also reported decisions in the criminal field which support the proposition that, in all situations other than when a criminal defendant will be prejudiced by the evidence, evidence of prior criminal convictions which meet the criterion of Rule 609(a)(1) may be used to impeach a witness who has been so convicted. *E.g., United States v. Nevitt,* 563 F.2d 406, 408–09 (9th Cir.1977), *cert. denied,* 444 U.S. 847, 100 S.Ct. 95, 62 L.Ed.2d 61 (1979) ("Rule 609(a) limits the balancing test to determining prejudicial effect to the defendant."); *United States v. Martin,* 562 F.2d 673, 680 n. 16 (D.C.Cir.1977) (Court in dictum states that the only justification for excluding evidence of prior convictions of the type recognized by Fed.R.Evid. 609(a)(1) is when prejudicial impact on criminal defendant warrants exclusion).[7]

Because we believe the intended focus of this rule to be avoidance of prejudice to criminal defendants, we are not convinced that the language of Rule 609(a)(1) and its legislative history mandate a mechanical and restrictive result when the party facing potential prejudice is one other than a crim-

inal defendant. This is particularly true in a civil case such as this where questions regarding the plaintiff's prior criminal conviction possess the likelihood of being tangential if not clearly irrelevant. One notes first from a reading of Rule 609(a) that the test set out there places the burden of proving the admissibility of a prejudicial felony conviction on the party seeking admission of that evidence, i.e., the probative value of the conviction must outweigh its prejudicial effect.[8] This is a different test than the one found in Fed.R.Evid. 403 which provides that relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Acceptance of the premise that this heightened protection is available only to criminal defendants does not lead ineluctably to the conclusion that prior felony convictions of a witness must automatically be admitted in all other situations.[9]

The legislative history of Rule 609(a)(1) is noticeably absent of any mandate regarding the admissibility of convictions other than those in the nature of crimen falsi. In fact, the final Conference Committee Report states that *"judicial discretion granted with respect to the admissibility of other prior convictions* is not applicable to those involving dishonesty or false statement." (emphasis added).[10] Arguably this recognition of trial court discretion is a reference only to the discretion granted a court in making the decision whether to admit criminal convictions which will result in prejudice to a criminal defendant. We reject this overly restrictive view of a trial court's discretion to exclude evidence of a prior felony conviction. Unlike our discussion of Fed.R.Evid. 609(a)(2) wherein we explicitly declined to discuss the impact, if any, of other of the Federal Rules of Evi-

---

7. *See also* 3 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 609[09] 1981. "Rule 609(a) provides that all felony convictions and all misdemeanor convictions involving dishonesty and false statement are usable to impeach a prosecution witness, or a witness in a civil proceeding."

8. *Smith,* 551 F.2d at 360.

9. *See* S. Salzburg & K. Redden, Federal Rules of Evidence Manual 365–66 (3d ed. 1982).

10. Conf.R. No. 1597, *supra* note 3, at 7103.

dence on that portion of Rule 609(a),[11] we find here that Rule 609(a)(1) does not preclude the application of Rule 403 which grants a trial court the discretion to exclude relevant evidence that may be unfairly prejudicial to a party.

The authors of one treatise on the law of federal evidence have succinctly stated the limitation of a rule which grants a trial judge discretion only in deciding the admissibility of felony convictions which prejudice criminal defendants. "[I]mpeachment has always been a two way street and no good reason appears to allow the government or civil litigants to be unfairly prejudiced."[12] We agree.

There has been some judicial recognition that a restrictive application of Rule 609(a)(1) will not best serve either the individual litigants or the judicial system in all cases. See e.g. United States v. Dixon, 547 F.2d 1079, 1083 n. 4 (9th Cir.1976) (Court recognized there may be cases in which application of Fed.R.Evid. 403 is appropriate in order to exclude evidence of prior criminal convictions where the party potentially prejudiced is not the defendant in a criminal case); United States v. Jackson, 405 F.Supp. 938, 943 (E.D.N.Y.1975) (Judge Weinstein cited Fed.R.Evid. 102 and 403 as support for his decision to exclude evidence of government witnesses' prior convictions in order to avoid unfair prejudice to the government's case).

■ We have been unable to discover any decisions which deal precisely with the issue now before this Court, i.e., should evidence that the plaintiff has a prior felony conviction for a narcotics violation be excluded from this civil action in which he is seeking damages for personal injuries suffered in an accident wholly unrelated to the conviction? This does not, however, mean we

have been without guidance in reaching the decision we reach in this case. The arguments and opinions cited and discussed above have all been considered before reaching the decision to exclude the use by Witco of Tussel's conviction on a charge of conspiracy to import a controlled substance.

We begin our discussion of this decision with the premise that the "special" protection afforded a criminal defendant under Rule 609(a)(1) is applicable only to a criminal defendant. The motion before the Court was forwarded by the plaintiff in a civil action, therefore, this protection is unavailable to him. Next, we note the general commands of Rules 102 and 611 that the Federal Rules of Evidence shall be construed in a manner which secures a fair administration of justice and that a court shall control the interrogation of witnesses in a manner which both effectively ascertains the truth and protects the witnesses from harassment or undue embarrassment.

We turn now to the more specific Rule 403 which gives a trial court the discretion to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. . . ." Initially, we are not entirely convinced that evidence of a narcotics conviction bears any relevance to a personal injury action.[13] We are aware of the argument that the relevance of the conviction is its impact on Tussel's credibility, however, just as the argument that this conviction is one in the nature of crimen falsi and therefore indicative of Tussel's propensity for untruthfulness was unavailing, this alternative attempt at convincing the Court of its bearing on Tussel's veracity is also unpersuasive.[14]

---

11. See supra note 1.

12. S. Salzburg & K. Redden, supra note 9, at 365.

13. See Fed.R.Evid. 401, 402.

14. Witco has argued that, even assuming a ruling by the Court pursuant to Rule 609(a) excluding evidence of Tussel's conviction for

impeachment purposes, there are other relevant uses for evidence of his conviction in 1978. (See Defendant's Brief In Opposition To Motion In Limine 2 n. 1) We recognize Witco's concern regarding a portion of the time used by Tussel to calculate his lost wages, however, there are methods which can be used to ex-

Assuming, however, for the sake of argument, that this evidence is in some way relevant to the issues raised by this civil action, does not alter the decision to exclude it from use at trial pursuant to Rule 403. The clear language of the rule grants district courts the power to exclude unfairly prejudicial evidence despite its relevancy. The Advisory Committee Notes to Rule 403 define unfair prejudice as "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." The Third Circuit has explained that evidence "is unfairly prejudicial if it 'appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish,' or otherwise 'may cause a jury to base its decision on something other than the established propositions in the case.' 1 J. Weinstein & M. Berger, Weinstein's Evidence ¶ 403[03], at 403–15 to 403–17 (1978)." *Carter v. Hewitt,* 617 F.2d 961, 972 (3d Cir.1980). Our decision is based on the belief that Tussel's conviction for conspiring to import a controlled substance is the type of evidence admission of which Rule 403 sought to leave within the sound discretion of the trial judge after his consideration of its significance in the particular case before him. The decision involves balancing the probative value of the evidence against its probable prejudicial effect. This balance may initially favor the admission of relevant evidence. *See* S. Salzburg & K. Redden, Federal Rules of Evidence Manual 101 (3d ed. 1982). The qualification that the probative value be "substantially" outweighed by the other factors, here unfair prejudice, should not be read to allow the admission of evidence "that plainly is more harmful than helpful, but only slightly so." *Id.* We are convinced that the potential for prejudicing the plaintiff's case by introduction of evidence of his conviction for conspiring to import controlled substances is demonstrably greater than the potential probative value of such evidence. This

prejudicial impact will not be overcome merely by a limiting instruction to the jury. *See* Advisory Committee Notes to Fed.R. Evid. 403.

The motion by Tussel to exclude the admission of evidence of his conviction on charges of conspiracy to import a controlled substance is granted. An order will be entered granting the exclusion of such evidence.

clude this period from the time used to calculate the lost wages without bringing Tussel's narcotic conviction before the jury. Counsel for both parties will be given an opportunity to address this issue outside the hearing of the jury if it arises during trial. We also rule here that Witco may not use this evidence to address the issue of Tussel's state of mind at the time of the accident. (Defendant's Brief, *supra* at 2 n. 1.)