NUMBER
13-01-340-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                        CORPUS CHRISTI-EDINBURG

 

SHIRLEY ANN ADAMS ,                                                               
 Appellant,

 

                                                   v.

 

STATE
OF TEXAS
,                                                                Appellee.

 

                       On appeal from the
Criminal District Court   

                                of Jefferson County, Texas.

 

                                      OPINION

 

          Before Chief Justice Valdez and
Justices Yañez and Castillo

                                                    

Opinion by Chief
Justice Rogelio Valdez








Appellant, Shirley Ann Adams was convicted of aggravated
assault, with punishment enhanced as a repeat felony offender.  Adams was sentenced to twenty years
imprisonment to be served consecutively to a separate conviction.  By two points of error, Adams contends the
trial court erred by (1) restricting the cross-examination of the complainant,
and (2) by failing to grant Adams=s request for a
mistrial after the court admitted testimony that Adams had previously been
sentenced to life imprisonment in a separate arson case.  We affirm.

I.  FACTS

Adams was convicted of the aggravated assault of Ella Williams,
the current girlfriend of Adams= ex-husband,
Shelley Stalworth.  Ella Williams,
complainant, returned from the grocery store with her boyfriend,  Shelley Stalworth,
who had previously been married to Adams. 
Williams testified that Adams yelled offensive statements at her.  Williams also testified that Adams was
intoxicated even though she had not seen Adams consume any alcohol.  In contrast, Adams claimed Williams was the
one who yelled offensive statements which led to the altercation.  Adams claimed Williams pushed her off the
porch and she stabbed Williams in self defense because Williams was armed with
a lead pipe. 








At trial, Adams=s attorney
cross-examined Williams as to whether she had been smoking crack that day.  Williams denied that she was under the
influence of drugs or alcohol at the time but admitted that she was Ain treatment@ for the abuse
of crack cocaine.  Williams testified
that she attempted to call the police but Adams took the phone from her.  Stalworth forcibly removed Adams from the
house.  Adams stabbed Williams three
times outside the house.  Stalworth drove
Williams to the hospital to get treatment for the stab wounds and Adams
followed.  Adams then slashed the tires
of Stalworth=s car.  Both Stalworth and Williams testified that
Williams did not ever use a weapon to attack or defend herself.  Adams=s daughter
testified stating Williams had a lead pipe and Adams stabbed Williams in
self-defense.  The critical issue for the
jury was to decide who was the aggressor in the altercation.  

II. 
RESTRICTION OF CROSS EXAMINATION

In her first point of error, Adams contends the trial court
erred by (1) restricting the cross examination of Williams.  We review a trial court=s exclusion of
evidence under an abuse of discretion standard of review.  See Erdman v State, 861 S.W.2d 890, 893
(Tex. Crim. App. 1993); Harwood v. State, 961 S.W.2d 531, 536 (Tex. App.BSan Antonio
1997, no pet.).  The extent of cross
examination is within sound discretion of the trial court.  See United States v. Ramirez, 533 F.2d 138, 140 (1976). 
A trial judge has not abused his discretion unless he has Aacted
arbitrarily and unreasonably, without reference to any guiding rules or
principles.@  See Harwood, 961 S.W.2d at 536; Breeding
v. State,  809
S.W.2d 661, 663 (Tex. App.BAmarillo 1991,
pet. ref=d).  When the excluded evidence was sought during
cross examination, the Confrontation Clause of the United States Constitution
is implicated.  Such errors are subject
to harm analysis.  See U.S. CONST.
amend VI; Shelby v. State, 819 S.W.2d 544, 547 (Tex. Crim. App. 1991).








In the case at bar, Williams testified she was not under the
influence of alcohol or drugs at the time of the altercation although she
claimed to be in treatment for crack cocaine. 
Williams testified that she was an experienced drinker and had
previously abused crack cocaine.  Adams
did not attempt to make further inquiries on the subject.  There was no restriction of Williams=s testimony in
the record, therefore no error occurred.








While the trial court did not limit the cross examination of
Williams the court sustained an objection to the cross examination of Adams=s daughter when
counsel inquired into Williams=s prior use of
drugs and alcohol.  Whether or not
Williams used crack cocaine or alcohol around the time of the altercation is
relevant to determine whether Williams attacked Adams first thereby allowing
Adams to claim self defense. See Harwood, 961 S.W.2d
at 538-39.  On cross examination,
Adams=s daughter
stated that she knew Williams to drink alcohol and smoke crack regularly.  The general rule is that evidence of a person=s character is
inadmissible to prove that he or she acted in conformity therewith.  Id. 
General evidence of the character of a victim is admissible if pertinent
and offered by the accused or by the prosecution in rebuttal.  See TEX. R. EVID. 405(b); Harwood,  961 S.W.2d at 539. 
A question which tests the truthfulness of a witness=s testimony by
inquiry into facts and circumstances surrounding the transaction testified to
on direct by the witness is not collateral and is therefore relevant.  See Keller v. State, 662
S.W.2d 362, 365 (Tex. Crim. App. 1984). 
The court properly allowed inquiry into Williams=s use of
alcohol or drugs on the day of the altercation because Williams=s state of
intoxication is relevant to determine whether Williams or Adams attacked first.
See Delaware v. Van Arsdall, 475 U.S. 673, 677-78 (1986)(holding bias of a witness is subject to exploration at
trial and is always relevant as discrediting the witness affecting the weight
of his testimony).

          The
State objected to further inquiry into Williams= previous use
of drugs or alcohol since Williams testified she was not under the influence of
drugs or alcohol on the day in question. 
The court sustained the State=s
objection.  The cross examination then
ended without further exploration of Williams=s drug and alcohol use.  Inquiry into Williams=s prior use of
drugs and alcohol is irrelevant to the case at bar.  Id. 
There is no evidence of harm cause by restriction of cross
examination.  See Shelby, 819 S.W.2d at 547. 
The Court 
properly limited the cross examination of Adams=s daughter
regarding Williams=s prior drug
use.  See Cloud v. State,
567 S.W.2d 801, 802 (Tex. Crim. App. 1978) (holding that the extent to which a
witness may be cross examined on a collateral matter rests within sound
discretion of the trial judge).  We
conclude that the trial court did not abuse its discretion in limiting the
cross examination of the Adams=s daughter
regarding Williams=s prior drug
and alcohol use. See Van Arsdall, 475 U.S. at 677-78.  Therefore, Adam=s first point of error is overruled. 

III. EVIDENCE OF PRIOR CONVICTIONS








In her second point of error Adams claims the trial court erred
by admitting testimony regarding Adams=s prior
conviction and sentence to life imprisonment for arson.  Specifically, Adams argues the court should
grant a mistrial because an instruction for the jury to disregard is
insufficient for such prejudicial testimony. 
In the case at bar, the State asked Adams whether she had been convicted
of arson and sentenced to life imprisonment. 
The court sustained the objection that the sentence is irrelevant and
asked the jury to disregard the statement. 
A witness= inadvertent
reference to an extraneous offense is generally cured by a prompt instruction
to disregard.  See Wesbrook v. State,
29 S.W.3d at 115 (holding in most instances an instruction to disregard the
remark will cure the error); Wilkerson v. State, 881 S.W.2d 321, 327
(Tex. Crim. App. 1994); Rojas v. State, 986 S.W.2d 241 (Tex. Crim. App.
1998).  Therefore, it is not reversible
error for the trial court to sustain the objection and instruct the jury to
disregard statements regarding the length of the sentence for a prior
conviction.








Admission of evidence regarding prior convictions is admissible
if elicited from the defendant or established by public record but only if the
crime was a felony or involved moral turpitude, and the court finds the
probative value of admitting the evidence outweighs the prejudicial effect.  See  TEX. R. EVID. 609(a);
Theus v. State, 845 S.W.2d 874, 876 (Tex. Crim. App. 1992).  In a standard balancing analysis the court
should look at the following factors: (1) the prior conviction=s impeachment
value; (2) its temporal proximity to the crime on trial and the defendant=s subsequent
criminal history; (3) the similarity between the prior offense and the present
offense; (4) the importance of the defendant=s testimony; and (5) the importance of the
credibility issue.  See Theus, 845
S.W.2d at 881; Hernandez v. State, 976 S.W.2d 753, 775 (Tex. App.BHouston [1st
Dist.] 1998, pet. ref=d).  A ruling permitting use of prior conviction
to impeach will be reversed on appeal only upon a showing of clear abuse of
discretion. See Theus, 874 S.W.2d at 881. 

Adams contends the prior arson conviction is not relevant and
therefore has no probative value. 
Evidence of prior convictions for felonies has a relevance value on the
issue of credibility that is well recognized.  See Moreno v. State, 22
S.W.3d 482, 488 (Tex. Crim. App. 1999). 
Rule 609(a) lists factors to determine admissibility of prior convictions
without regard to relevance.  See TEX.
R. EVID. 609(a); Theus, 845 S.W.2d at 879.
Article 37.07 '3(g) of the
Code of Criminal procedure provides that evidence may be offered as to any
matter the court deems relevant to sentencing, including the prior criminal
record of the defendant.  See McGee v.
State, 35 S.W.3d 294, 302 (Tex. App.BTexarkana,
2001, pet. denied).  In the case at bar,
Adams=s prior
conviction remains relevant because of its temporal proximity to the crime in
question and to sentencing because the prior conviction for arson classifies
Adams as a repeat felony offender.  See
United States v. Hayes, 553 F.2d 824, 828 (2nd Cir. 1977) (holding temporal
proximity of a prior conviction will favor admission if the past crime is
recent and if witness has demonstrated a propensity for running afoul of the
law).








The impeachment value of crimes that involve deception is higher
than crimes that involve violence and the latter have higher potential for
prejudice.  See Theus, 845 S.W.2d at 881; Hayes, 553 F.2d at 828.  In Theus v. State, the Court held
evidence of a prior conviction inadmissible because (1) it had so little probative
value on the question of Adams=s credibility,
and (2) the trial judge failed to dispel the prejudicial effect when presented
with the opportunity.  See Theus, 845 S.W.2d at 882.  In
the instant case, the arson conviction was for a crime substantially different
from the prosecution.  Therefore we
conclude there is no prejudice to Adams that inevitably results from the
introduction of a conviction for the same crime as that for which Adams is on
trial.  Id.; see also Hayes,
553 F.2d at 828.  Adams=s second point
of error is overruled. 

Accordingly, the trial court is affirmed.

 

                                            

ROGELIO
VALDEZ

Chief
Justice

 

 

Do not publish

Tex. R. App. P. 47.3(b).

 

Opinion
delivered and filed

this the 24th day
of October, 2002.