# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,       )
       )
    v.       )    ID No. 2002007105
       )
TERRELL S. MOBLEY,       )
       )
    Defendant.       )

Submitted: November 9, 2020
Decided: November 19, 2021

*Upon Defendant Terrell S. Mobley's Motion in Limine to Limit Expert Testimony Regarding Firearm/Toolmark Evidence*
**DENIED**.

*Upon Defendant Terrell S. Mobley's Motion in Limine to Exclude Certain Convictions*
**DENIED.**

## OPINION AND ORDER

Matthew B. Frawley, Esquire and Periann Doko, Esquire, Deputy Attorneys General, Department of Justice, 820 North French Street, Wilmington, Delaware 19801, Attorneys for the State.

Patrick J. Collins, Esquire, Collins & Associates, 8 East 13th Street, Wilmington, Delaware 19801, Attorney for Defendant Terrell S. Mobley.

**WHARTON, J.**

# I.    INTRODUCTION

Defendant Terrell S. Mobley ("Mobley") is facing two first degree murder charges in separate indictments.[1]  Originally, the cases were specially assigned to two different judges, but upon the retirement of one of those judges, this judge was assigned to both.  The older case, I.D. No. 1906003201, was assigned to the now retired judge, but was tried before this judge in August 2021.  The jury was unable to reach a unanimous verdict and the Court declared a mistrial.  Trial in that case now has been set for after trial in this case.  There are two motions before the Court in this case, both submitted by Mobley: (1) a motion *in limine* to limit the opinion testimony of the State's ballistic expert; and (2) a motion *in limine* to prohibit impeachment of Mobley with certain prior felony convictions under D.R.E. 609 should he elect to testify.  The first motion *in limine* seeks to limit the opinion testimony of the State's firearm/toolmark expert to preclude the expert from testifying to what Mobley believes is an unwarranted degree of certainty about his conclusions.  The second motion *in limine* seeks to prohibit impeachment of Mobley with two prior felony drug offenses — Drug Dealing in a Tier 4 Quantity and Tier 4 Possession of a Controlled Substance – should he testify.  Mobley did not testify in his first trial, and he has not told the Court that he will testify in this trial.

---

[1] ID Nos. 1906003201 and 2002007105.

Nevertheless, because the option to testify remains open to him, the Court addresses the motion now so that Mobley may make an informed decision about testifying.

The Court finds that the State has demonstrated by a preponderance of the evidence that the proposed expert opinion testimony is reliable. Therefore, Mobley's Motion *in Limine* to Limit Expert Testimony is **DENIED**. The Court finds that the probative value of Mobley's prior felony convictions outweighs their prejudicial effect and are admissible under D.R.E. 609(a). Therefore, Mobley's Motion *in Limine* to Exclude Certain Prior Convictions is **DENIED.**

## II.   FACTUAL AND PROCEDURAL BACKGROUND

On April 3, 2018, the Wilmington Police Department responded to the 1400 block of W. 3rd Street for reports of shots fired.[2] Officers located the victim, Kevis Tyler ("Tyler"), suffering from gunshot wounds.[3] Tyler was transported to Christiana Hospital where he died from his injuries — nine gunshot wounds.[4] Investigators recovered 28 spent 9mm shell casings as well as bullet fragments from the scene.[5] This evidence was sent to the Delaware State Police Forensic Firearms Service Unit for analysis.[6] Ballistics expert James Cadigan ("Cadigan") concluded

---

[2] State's Resp. to Def.'s Mot. to Exclude Certain Prior Convictions, at 1, D.I. 17.
[3] *Id.*
[4] *Id.*
[5] State's Resp. to Def.'s Mot. to Limit Expert Testimony, at 1, D.I. 18.
[6] *Id.*

that all 28 casings were fired from the same firearm.[7]  Later, a firearm was recovered in an unrelated investigation.[8]  Cadigan concluded that gun fired all 28 casings.[9]  Witness interviews pointed the investigation to Mobley.[10]  On February 17, 2020, Mobley was indicted on the charges of Murder First Degree, Reckless Endangering First Degree, Possession of a Firearm During the Commission of a Felony (two counts), Possession of a Firearm by a Person Prohibited, and Possession of Ammunition by a Person Prohibited.[11]  The latter two charges were severed on Mobley's motion.[12]

On September 30, 2020, Mobley filed the motions *in limine*.[13]  In support of the motion to limit expert testimony, Mobley argues that the State's expert would mislead the jury by "testifying with any degree of certainty."[14]  As to the motion to exclude prior convictions, Mobley concedes that his prior Burglary Second Degree conviction is admissible as proper impeachment under D.R.E. 609 as a crime of

---

[7] *Id.* at 2.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] Indictment, D.I. 1.
[12] D.I. 26.
[13] Def.'s Mot. to Limit Expert Testimony, D.I. 14; Def.'s Mot. to Exclude Certain Prior Convictions, D.I. 15.
[14] Def.'s Mot. to Limit Expert Testimony, D.I. 14.

dishonesty or false statement.[15] But, he argues that his two drug-related felony convictions should be excluded as unfairly prejudicial.[16]

## III. THE PARTIES' CONTENTIONS

### A. Motion *in Limine* to Limit Expert Testimony

Mobley argues that the Superior Court, in *State v. Gibbs,*[17] already has held that firearm/toolmark examiners' opinion testimony must be limited with respect to the degree of certainty of the match/identification.[18] He argues this Court should follow *Gibbs* and other subsequent cases which allow the expert to state his methodology and opinion, but not to any degree of certainty.[19]

The State argues that it has established repeatedly that the firearms and toolmark examination methodology satisfies all requirements for admissibility under D.R.E. 702.[20] The State contends that Defendant can explore any possible issues with the expert's degree of certainty through cross-examination, leaving it to the jury to determine what weight to give his opinion.[21]

---

[15] Def.'s Mot. to Exclude Certain Prior Convictions, at 3, D.I. 16.
[16] *Id.*
[17] 2019 WL 6709058 (Del. Super. Ct. Dec. 9, 2019).
[18] Def.'s Mot. to Limit Expert Testimony, D.I. 14.
[19] *Id.*
[20] Sate's Resp to Def.'s Mot. to Limit Expert Testimony, D.I. 18.
[21] *Id.* at 7.

**B. Motion *in Limine* to Exclude Certain Prior Convictions,**

Mobley argues that the drug convictions have minimal probative value on the issue of his credibility.[22]  In his view, this lack of probative value, coupled with a danger of unfair prejudice, weighs in favor of excluding those convictions, if he elects to testify in his own behalf.[23]  Mobley successfully advanced the same argument in his other murder case.[24]  Despite the favorable ruling, Mobley did not testify in that case.  Nonetheless, he argues that holding is correct, and those convictions should be excluded in the trial of this case as well.

The State argues that Mobley's convictions have probative value, especially considering their recency.[25]  Further, the State argues that Mobley's history as a career offender is probative, and the drug convictions allow impeachment of his credibility without venturing into Mobley's extensive "career as a felon."[26]  The State contends that, under the balancing test set forth in D.R.E. 609(a)(1), the relevant factors suggest that Mobley's convictions are highly probative of his credibility, and that the probative value outweighs any prejudicial effect.[27]

---

[22] Def.'s Mot. to Exclude Certain Prior Convictions, at 5, D.I. 16
[23] *Id.*
[24] *State v. Mobley,* 2020 WL 2572738 (Del. Super. CT. May 21, 2010).
[25] State's Resp. to Def.'s Mot. to Exclude Certain Prior Convictions, at 8, D.I. 17.
[26] *Id.* at 7.
[27] *Id.* at 11-12.

## IV. DISCUSSION

### A. Motion *in Limine* to Exclude Expert Testimony Regarding Firearm/Toolmark Evidence

D.R.E 702 requires "the proffered testimony to provide relevant and reliable principles and terminology. This rule does not require that the conclusions derived from those principles and methods be scientifically valid. [T]he trial judge must determine that the expert 'has a reliable basis in the knowledge and experience of the [relevant] discipline.'"[28] The party seeking to introduce expert testimony bears the burden of establishing its admissibility by a preponderance of the evidence.[29] "[W]here the State's expert testimony is based on methodology previously held reliable under *Daubert*, the State has demonstrated by a preponderance of the evidence that the proposed expert testimony is reliable."[30]

The methodology of the State's ballistics expert witness has been held reliable previously under *Daubert*.[31] However, Mobley suggests that current trends in case law point to limiting expert testimony in the area the certainty of the expert's opinions.[32] For example, the Court in *Gibbs* limited the State's ballistics expert's

---

[28] *McNally v. State*, 980 A.2d 364 (Del. 2009).
[29] *Bowen v. E.I. DuPont de Nemours & Co. Inc.*, 906 A.2d 787, 795 (Del. 2006).
[30] *State v. Gibbs*, 2019 WL 6709058, at *3 (Del. Super. Ct. Dec. 9, 2019) (citing *McNally*, 980 A.2d at 370)).
[31] *State v. Phillips*, 2015 WL 5168253, at *5-7 (Del. Super. Ct. Sept. 2, 2015) (quoting *State v. McMullen*, 900 A.2d 103, 114 (Del. Super. Ct. 2006)).
[32] *Gibbs*, 2019 WL 6709058, at *4 n.43 & n.44 (collecting cases).

testimony where "'the process by which a firearms examiner declares a 'match' remains inherently subjective,' and where the State agrees that the expert is not to testify with '100%' certainty..."[33] Unlike in *Gibbs,* the State has not agreed to limit its expert's testimony in this case. Because of the State's agreement, the degree of the expert's certainty in his opinion was not contested in *Gibbs,* diminishing *Gibbs'* authoritativeness in this case when the issue is controverted.

Neither *Daubert*, nor *Phillips* concerned themselves with the correctness or degree of certainty with which expert witnesses held their opinions. Instead, they were concerned with the reasonableness of the methodology by which the experts reached their opinions. Evaluating the weight to be given expert opinions, especially competing opinions, is manifestly a jury function. That is the reason why courts are concerned with the reliability of methodology rather than result in performing their gatekeeper function. The degree of certainty with which an expert holds an opinion may be warranted or not, but it is for the cross-examiner to exploit any overconfidence the expert might have in that opinion, and for the jury to adjudicate what weight to give it. The Court finds that the State has demonstrated by a preponderance of the evidence that the proposed expert testimony is reliable. Therefore, the Motion *in Limine* to Limit Expert Testimony is **DENIED**.

---

[33] *Id.*

## B. Motion *In Limine* to Exclude Certain Prior Convictions

D.R.E 609(a) provides:

> For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a crime must be admitted but only if the crime (1) constituted a felony under the law under which the witness was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect or (2) involved dishonesty or false statement, regardless of the punishment."

The State seeks to impeach Mobley with three prior felony convictions should he testify. The parties agree that his Burglary Second Degree conviction is admissible as impeachment evidence. That conviction occurred in 2005, but despite the 10-year time limit of D.R.E. 609(b), is admissible because Mobley was released from confinement on that charge less than 10 years ago.[34] The other two felony convictions the State seeks to admit as impeachment are Drug Dealing and Tier 4 Possession, both in 2016. Thus, the Court must balance whether the probative value of those convictions outweighs their prejudicial effect.[35] If it concludes that their probative value does outweigh their prejudicial effect, the evidence "must be admitted."[36] But, only "the type of crime and the date and place of the convictions" are admissible "without releasing the prejudicial details of the events."[37] "[T]he

---

[34] D.R.E. 609(b).
[35] *Gregory v. State*, 616 A.2d 1198, 1203-04 (Del. 1992).
[36] D.R.E. 609(a).
[37] *Archie v. State,* 721 A.2d 924, 928 (Del. 1998).

cross-examination should be restricted to the fact of the convictions, and the circumstances and details of the prior criminal conduct should not be explored by the prosecutors."[38]

Several factors can be considered when deciding the probative value of prior convictions: the recency of the conviction, where the crime falls on the scale of veracity-related crimes, and whether the crime was substantially different from the instant prosecution.[39]  The Court in *United States v. Hayes* noted that a conviction for "mere narcotics possession" would have less probative value than either selling or smuggling.[40]  In this instance, Mobley both sold and possessed narcotics, which still are relatively low on the scale of veracity-related crimes.[41]  However, the convictions are relatively recent—both occurring in 2016—and they are substantially different in character from the crimes charged here.[42]

D.R.E. 609 recognizes that the fact of a felony conviction, no matter what the charge, has inherent impeachment value.  If the State were limited to impeaching Mobley with the 2005 burglary conviction, the jury would be presented with a distorted view of his testimonial credibility, since it might reasonably conclude that

---

[38] *Id.*
[39] *U.S. v. Hayes*, 553 F.2d 824, 828 (2d. Cir. 1977).
[40] *Id.* at 829 (citing *United States v. Ortiz*, 553 F.2d 782 (2d Cir. 1977)).
[41] *See id.*
[42] *Id.*

it should give little impeaching weight to a conviction occurring a decade and a half ago. The relatively recent convictions present the jury with a more comprehensive basis to assess Mobley's credibility. Mobley's recent past convictions for narcotics offenses do not create a substantial risk that the jury would draw the forbidden character inference that Mobley acted in conformity with a character predisposed to murder.[43] The crimes are substantially different. Thus, the Court concludes that the probative value of Mobley's two felony drug convictions outweighs their prejudicial effect. The Motion *in Limine* to Exclude Certain Prior Convictions is **DENIED**.[44]

**THEREFORE,** Defendant Terrell Mobley's Motion *in Limine* to Limit Expert Testimony Regarding Firearm/Toolmark Evidence is **DENIED.**

---

[43] *Id.* (Finding that "[t]he conviction was for a crime substantially different from the instant prosecution, so that there was not here the prejudice to appellant that inevitably results from the introduction of a conviction for the same crime as that for which he is on trial.")

[44] The Court appreciates that it has reached a different conclusion than the judge in Mobley's other murder case. *State v. Mobley,* 2020 WL 2572738 (Del. Super., May 21, 2020). In addition to weighing the probative value and prejudicial effect differently, the Court reaches a different conclusion for two other reasons. First, it appears the judge in that case applied the standard for balancing admission of convictions older than 10 years under D.R.E. 609(b) which requires the probative value of admission be supported by "specific facts and circumstance." *Id.*, at *1. D.R.E. 609(a) contains no such requirement. Second, and more importantly, her determination that drug convictions generally are "highly prejudicial when offered to impeach the veracity of a witness whose innocence or guilt is being determined by the jury," was based on *Gregory v. State,* 616 A.2d 1198, 1203 (Del. 1992). *Id.* In *Gregory*, the impeaching drug convictions were offered to impeach the defendant who was on trial for drug charges. Obviously, the prejudice was much greater in that case because it had character and propensity implications under D.R.E. 404(b) not present here. *See, Hines v. State,* 248 A. 2d 92 (Del. 2021).

11

Defendant Terrell Mobley's Motion *in Limine* to Exclude Certain Prior

Convictions is **DENIED.**


**IT IS SO ORDERED.**


/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.
