UNITED STATES of America,

v.

Allen KLEIN, Defendant.

No. 77 Cr. 234 (CMM).

United States District Court, S. D. New York.

Sept. 30, 1977.

**486**

Robert B. Fiske, Jr., New York City, U. S. Atty., S.D.N.Y., for the United States; Thomas E. Engel, Robert N. Shwartz, Asst. U. S. Attys., New York City, of counsel.

Rosenman, Colin, Freund, Lewis & Cohen, New York City, for defendant; Gerald Walpin, Thomas DeZure, David Ash, New York City, of counsel.

METZNER, District Judge.

In advance of trial defendant seeks a ruling to prevent the government from introducing in evidence for impeachment purposes if the defendant takes the stand, a prior conviction for willful failure to file federal income tax withholding returns. The resolution of this issue is requested now because of its possible impact on the opening statement to the jury by defense counsel.

The prior conviction under 26 U.S.C. § 7203 is a misdemeanor. It is obtained on proving that the defendant knew of the requirement to file the returns and willfully failed to do so. *United States v. Platt,* 435 F.2d 789, 794–95 (2d Cir. 1970). It is admissible under Fed.R.Evid. 609(a)(2) only if the crime "involved dishonesty or false statement." Admissibility is automatic if the crime fits this statutory definition; there is no discretion in the judge to weigh probativeness against possible prejudice. 3 Weinstein, Evidence ¶ 609[01], 609[03] at 609–64–65 (1976). The crucial phrase was defined by the Conference Committee as:

> ". . . crimes such as perjury or subornation of perjury, *false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of crimen falsi, the commission of which involves some element of deceit, untruthfulness, or falsification* bearing on the accused's propensity to testify truthfully." [1974] U.S.Code Cong. & Admin. News, pp. 7098, 7103 (emphasis added).

The exact definition of the ancient term "crimen falsi" that was in the mind of Congress is unclear. 3 Weinstein, Evidence ¶ 609[03] at 609–65 n.9. Defendant argues that fraud or deceit is requisite and that a Section 7203 conviction does not fall within the definition since it has been held not to require proof of an intention to defraud. *E. g., United States v. Klee,* 494 F.2d 394 (9th Cir.), *cert. denied,* 419 U.S. 835, 95 S.Ct. 62, 42 L.Ed.2d 61 (1974). However, the clear import of the language of the Rule and of the quoted matter *supra* is that untruthfulness and falsification constitute additional grounds.

The test is whether the conviction bears directly on the likelihood that the defendant will testify truthfully at trial. *United States v. Hayes,* 553 F.2d 824, 827 (2d Cir. 1977). In that case the court pointed out that if a prior conviction for the importation of cocaine rested on furnishing a false statement to the customs officials, "the conviction would be automatically admissible." 553 F.2d at 828. I can find no difference between the example cited in *Hayes* and this case where a taxpayer was convicted of deliberately withholding pertinent information from the government concerning fiscal affairs.

I find that the test is satisfied here. The defendant's argument is not persuasive that his crime was by omission rather than commission: "saying nothing" under many circumstances is tantamount to a false statement.

Accordingly, defendant's prior conviction may be introduced for impeachment purposes should he take the stand.

So ordered.