**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Richard A. GELLMAN,
Defendant-Appellant.**

No. 81–5481.

United States Court of Appeals,
Eleventh Circuit.

May 27, 1982.

Rehearings Denied July 7, 1982.

Sidney A. Soltz, Miami, Fla., Bruce Rogow, Ft. Lauderdale, Fla., for defendant-appellant.

Hans G. Tanzler, III, Asst. U. S. Atty., Miami, Fla., Ellen Byers, Margaret Miller, Dept. of Justice, Washington, D. C., for plaintiff-appellee.

---

Before TUTTLE, FAY and JOHNSON, Circuit Judges.

PER CURIAM:

■ This is an appeal from a conviction on two misdemeanor counts of failure to file an income tax return in violation of 26 U.S.C. § 7203.[1] Appellant relies on two contentions, both dealing with the admission at the trial of evidence claimed by him to have been inadmissible. The first alleged error was that when the witness who testified that he had formerly been a friend of the appellant's was on the stand, he stated that Mr. Gellman told him repeatedly: "He always needed $100,000 a year to maintain his current lifestyle and he also made $100,000 a year." No objection was made to this testimony when it was received in evidence. Even if it would have been error, upon proper objection made, for the trial court to admit it, we do not consider it on appeal except under the "plain error" doctrine.[2] We conclude that the admission of this evidence in a case in which the burden was on the United States to prove wilfulness was not plain error.

■ The second ground of appeal was the refusal of the trial court to prevent the Government from cross-examining a defense witness who had been convicted of a similar violation of section 7203. This witness had formerly been the defendant's counsel. He had been called on his behalf to testify to the disorganized state of the defendant's records. The precise question, objected to by the defendant, was whether the witness had not been prosecuted for failure to file tax returns and whether he had not in fact served a prison sentence as a result. He testified in the affirmative.

Appellant's criticism of the court's permitting this cross-examination is based on his contention that a witness may not be questioned, under the excuse of testing his credibility, about any offense which is not either a felony or comes within rule 609(a)(2) which involves "dishonesty or false statement, regardless of the punishment." He contends that the crime of failing to file a federal income tax return under section 7201 does not meet this standard. He relies principally upon the decision by the Court of Appeals for the Fifth Circuit in *United States v. Ashley*, 569 F.2d 975 (5th Cir. 1978), holding that the crime of shoplifting did not meet this standard.

We conclude that the decision of the Court of Appeals for the Fourth Circuit that the violation of this federal criminal statute is "sufficiently reprehensible to meet the exception of Rule 609(a)(2)" is correct, *Zukowski v. Dunton*, 650 F.2d 30 (4th Cir. 1981), although based only upon a decision by the United States District Court for the Southern District of New York in *United States v. Klein*, 438 F.Supp. 485 (S.D.N.Y.1977).

The judgment is AFFIRMED.

---

1. Section 7203. *Wilful Failure to File Return, Supply Information, or Pay Tax.*

   Any person required by this Title to pay any estimated tax or tax or required by this Title or regulations made under authority thereof to make a return ..., who wilfully fails to ... make such return, ... at the time or times required by law or regulations, shall, in addition to other penalties provided by law, be guilty of a misdemeanor and upon conviction thereof shall be fined not more than $10,000, or imprisoned not more than one year, or both, together with the cost of prosecution.

2. Rule 103(d). Plain Error. Nothing in this Rule precludes taking notice of plain errors affecting substantial rights although they were not brought to the attention of the Court.