**UNITED STATES of America,**

v.

**Paul YANG, Defendant.**

**No. 94 Cr. 821(LLS).**

United States District Court,
S.D. New York.

June 14, 1995.

United States Atty., S.D.N.Y., New York City, for Government (Michael Gertzman, of counsel).

Frankel & Abrams, New York City, for defendant Paul Yang (Stuart E. Abrams, of counsel).

## OPINION

STANTON, District Judge.

In this criminal prosecution for money laundering, the government seeks to introduce, on cross-examination of the defendant, his two prior misdemeanor convictions for failure to file New York State income tax returns. The lack of any precedent squarely in point in this circuit justifies explaining the analysis.

In *Cree v. Hatcher,* 969 F.2d 34 (3rd Cir.), *cert. granted in part sub nom. Hatcher v. Valcarcel,* —— U.S. ——, 113 S.Ct. 490, 121 L.Ed.2d 429 *cert. dismissed,* —— U.S. ——, 113 S.Ct. 1147, 121 L.Ed.2d 577 (1992), the district court had denied, under Fed.R.Evid. 609(a)(2), plaintiff's motion to exclude evidence of a witness's prior misdemeanor tax conviction. That rule provides:

> ... evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment.

---

**3.** Perkins cannot produce the alleged letter. Deft.Mtn.Exh. B, ¶ 4.

The district court had concluded that willful failure to file a federal income tax return was a crime involving dishonesty or false statement.

The Court of Appeals for the Third Circuit reversed, after examining the statute under which the defendant had been convicted. It provided that any person who willfully failed to pay a required tax was guilty of a misdemeanor. 26 U.S.C. § 7203. The Court of Appeals stated, 969 F.2d at 38:

In light of the conclusion that a section 7203 defendant need not have intended to conceal his tax liability or deceive the government, we do not believe that being convicted of violating section 7203 necessarily connotes dishonesty or a false statement within the narrow ambit of Rule 609(a)(2). (footnote omitted)

Applying that analysis, we turn to the New York State statute, N.Y.Tax L. § 1801(a), which states:

Any person who, with intent to evade any tax imposed under article twenty-two of this chapter or any related income or earnings tax statute, or any requirement thereof or any lawful requirement of the tax commission thereunder, shall fail to make, render, sign, certify or file any return, or to supply any information within the time required by or under the provisions of such article or any such statute, or who, with like intent, shall supply any false or fraudulent information, shall be guilty of a misdemeanor.

Defendant was convicted under the first portion of that statute for his failure to file New York State tax returns, not for supplying any false or fraudulent information.

Nevertheless, it is apparent that the New York Tax Law supplies the element whose absence in *Cree* led to exclusion of the evidence: that the defendant "intended to conceal his tax liability or deceive the government." That element is supplied by the opening phrase of the New York Law, "Any person who, with intent to evade any tax...." Conviction under the New York statute, which requires intent to evade taxes, is therefore conviction of a crime involving dishonesty under Fed.R.Evid. 609(a)(2).

This works no injustice, for tax evasion is perceived as involving dishonesty. *See Dean v. Trans World Airlines, Inc.,* 924 F.2d 805, 811–12 (9th Cir.1991) ("We agree with other courts that a conviction for failure to file a tax return involves dishonesty within the meaning of Rule 609"); *United States v. Gellman,* 677 F.2d 65, 66 (11th Cir.1982) (per curiam); *Zukowski v. Dunton,* 650 F.2d 30, 34 (4th Cir.1981); *United States v. Klein,* 438 F.Supp. 485, 486–87 (S.D.N.Y.1977).

Accordingly, the prior convictions are admissible.