944 So.2d 469 (2006)
FEDEX GROUND PACKAGE SYSTEM, etc., et al., Appellants,
v.
Vantoria FUTCH, Appellee.
No. 3D05-2228.
District Court of Appeal of Florida, Third District.
November 29, 2006.
Rehearing Denied January 3, 2007.
*470 George, Hartz, & Lundeen and Charles M-P George, Coral Gables, and Mitchell L. Lundeen, for appellants.
Lauri Waldman Ross and Theresa L. Girten, Miami; William C. Ruggiero, Ft. Lauderdale, for appellee.
Before WELLS, CORTIAS, and ROTHENBERG, JJ.
CORTIAS, Judge.
We consider whether or not a criminal conviction for failure to file a federal income tax return under 26 U.S.C. ß 7203 constitutes a conviction involving dishonesty or a false statement for impeachment purposes under section 90.610 of the Florida Statutes. This is an issue of first impression for Florida courts.
Following a car accident involving the Plaintiff, Vantoria Futch ("Futch"), and a FedEx Ground Package System, Inc. ("FedEx") van, Futch was treated by Dr. Gelbard for neck and back injuries. At trial, Futch called Dr. Gelbard to testify that his injuries were caused by the accident. FedEx sought to impeach Dr. Gelbard with five prior misdemeanor convictions for willful failure to file federal income tax returns, arguing that willful failure to file a tax return is a crime involving dishonesty or a false statement and, therefore, is admissible for impeachment purposes under section 90.610(1) of the Florida Statutes.[1] After hearing argument from both parties, the trial judge concluded that willful failure to file is not a crime involving dishonesty or a false statement and excluded evidence of the convictions. At the close of the trial, the jury found in favor of Futch and FedEx now appeals.
Although this is a question of first impression in Florida, federal circuit courts and courts in other states have considered the issue, with differing results. Appellants cite to decisions by the Fourth, Ninth, and Eleventh federal Circuit Courts of Appeal, all of which are based on United States v. Klein, 438 F.Supp. 485, 487 (S.D.N.Y.1977). See Dean v. Trans World Airlines, Inc., 924 F.2d 805, 811 (9th Cir. 1991); United States v. Gellman, 677 F.2d 65, 66 (11th Cir.1982); Zukowski v. Dunton, 650 F.2d 30, 34 (4th Cir.1981).
In Klein, the court analogized the crime of willful failure to file a tax return with a conviction for importing cocaine that rested *471 on a false statement to customs officials, which the Klein court stated was considered admissible for impeachment purposes by the Second Circuit in United States v. Hayes, 553 F.2d 824, 827 (2d Cir.1977). The Klein court found "no difference between the example cited in Hayes and a case where a taxpayer was convicted of deliberately withholding pertinent information from the government concerning fiscal affairs." Klein, 438 F.Supp. at 487. We find the Klein court's reasoning to be flawed.
In Hayes, the Second Circuit categorized convictions for impeachment purposes into three categories; convictions which on their face involve dishonesty, convictions which on their face do not involve dishonesty, and convictions in "the uncertain middle category." Hayes, 553 F.2d at 827. For convictions in this middle category, "a prosecutor . . . must demonstrate to the court `that a prior conviction rested on facts warranting the dishonesty or false statement description.'" Id. (citation omitted). Thus, the Second Circuit explicitly encouraged prosecutors to look beyond the face of a conviction, a practice that the Florida Supreme Court has rejected. State v. Page, 449 So.2d 813, 816 (Fla.1984)(holding that petit theft is per se a crime involving dishonesty or false statement under section 90.610(1) and disapproving of the practice of "conducting a `trial within a trial' to determine whether an affirmative misstatement or misrepresentation of fact was involved in the commission of the crime," the conviction of which is sought to be introduced for impeachment purposes).
However, the Second Circuit found that it was unable to examine the facts behind the conviction, because the only evidence before it was simply the conviction. Hayes, 553 F.2d at 828. Thus, the Second Circuit's statement that a witness can be impeached with a conviction for importation of cocaine that involves false statements to customs officials is dicta, based on a hypothetical factual situation not before the court. In fact, the Second Circuit's actual holding was that the conviction was not admissible under Rule 609(a)(2), the dishonesty prong of Rule 609 of the Federal Rules of Evidence, but instead was admissible under Rule 609(a)(1), after balancing the probative value of admitting the evidence with the prejudicial effect. Id. Notably, the Hayes court did not hold that the crime of cocaine importation is in any way a crime involving dishonesty or a false statement.
Nevertheless, the Klein court seized upon the reasoning in Hayes to make a wholly illogical leap by concluding that there is "no difference" between making a false statement to customs officials and a willful failure to file a tax return. Klein, 438 F.Supp. at 487. Section 7203 of Title 26 of the United States Code states that
any person required under this title to pay any estimated tax or tax, or required by this title or by regulations . . . to make a return, keep any records, or supply any information, who willfully fails to pay such estimated tax or tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations, shall . . . be guilty of a misdemeanor. . . .
26 U.S.C. ß 7203. To convict a defendant for willful failure to file, the jury must find "[1)] that the defendant was required by law or regulation to make a return of his/her income for the taxable year charged, [2)] that the defendant failed to file a return at the time required by law; and [3)] that the defendant's failure to file the return was willful." Eleventh Circuit Pattern Jury Instructions (Criminal *472 Cases), Basic Instruction 94 (2003). The government is not required to prove that "the Defendant intended to evade or defeat payment of taxes, only that the Defendant willfully failed to file the return." Id. A finding of willfulness requires a jury finding "that the act was committed voluntarily and with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law." Id., Basic Instruction 9.1. Thus, a finding of willfulness in the failure to file context only indicates that the jury found "beyond a reasonable doubt that the acts constituting the crime charged were committed by the Defendant voluntarily as an intentional violation of a known legal duty." Id., Special Instruction 9. See also United States v. Greenlee, 517 F.2d 899, 904 (3d Cir.1975)(stating that the government must prove the defendant had a deliberate intention to fail to file returns knowing they had to be filed, not that the defendant acted with some purpose to conceal his tax liability from the government in a ß 7203 prosecution); United States v. Klee, 494 F.2d 394, 395 (9th Cir.1974)(stating that the government is not required to prove intent to defraud or intent to conceal in a ß 7203 prosecution).
Therefore, the crime of willful failure to file income tax returns involves a failure to fulfill a legal duty. As such, it is more akin to a failure to make a declaration to customs officials than to making a false statement to customs officials. Thus, even if we agree with the Second Circuit's dicta that a conviction involving a false statement to customs officials is proper impeachment material, we find that there is a legally significant distinction between a false statement and a failure to make a statement. We therefore cannot agree with the holding and reasoning in Klein.
Similarly, we must disagree with the Fourth and Eleventh Circuit holdings in Dunton and Gellman, respectively, as they base their conclusions on the flawed reasoning in Klein, with minimal additional analysis. In Dunton, the Fourth Circuit cited Klein with approval, and then concluded "that Dunton's willful failure to give tax information was sufficiently reprehensible to meet the exception of Rule 609(a)(2)." Dunton, 650 F.2d at 34. The Eleventh Circuit, in turn, concluded that "the decision of the Court of Appeals for the Fourth Circuit that the violation of [26 U.S.C. ß 7203] is sufficiently reprehensible to meet the exception of Rule 609(a)(2) is correct, although based only upon a decision by the United States District Court for the Southern District of New York." Gellman, 677 F.2d at 65 (citations omitted). Because we find Klein to have been erroneously decided and because the degree of reprehensibility of a crime is not the proper criteria for admission under Rule 609(a)(2), see H.R. REP. No. 93-1597 (1974)(Conf.Rep.), reprinted in 1974 U.S.C.C.A.N. 7098, 7103; Cree v. Hatcher, 969 F.2d 34, 37 (3d Cir.1992), Dunton and Gellman are unpersuasive. The Ninth Circuit decision in Dean v. Trans World Airlines, Inc., based on Gellman, is also unpersuasive and inapplicable in Florida to the extent the Ninth Circuit looked beyond the face of the conviction. Dean, 924 F.2d at 811-12.
In contrast, Futch urges us to follow the decision of the Third Circuit prohibiting impeachment with convictions for willful failure to file a tax return, finding that it is not a crime involving dishonesty. Cree, 969 F.2d at 37; see also Jabat Inc. v. Smith, 201 F.3d 852, 856 (7th Cir.2000)(affirming trial court's ruling that a party could not be impeached with evidence that the party did not timely file income tax returns). In Cree, the Third Circuit expressly disagreed with Klein, Dunton, and Gellman and explained that *473 the willfulness element of willful failure to file means only that the defendant acted "voluntarily and with the deliberate intent to violate the law." Cree, 969 F.2d at 37 (citations omitted). In other words, willfulness is the intent (mens rea) that is required of the defendant when he or she commits the crime, not a substantive element of the crime. As the Third Circuit noted, "it is certainly possible, and perhaps even likely, that in some instances individuals who willfully fail to file federal income tax returns do so with the conscious intent to conceal their tax liability from the government." Id. at 38 n. 2. But the motive behind the crime is irrelevant in determining whether the crime is one involving dishonesty.[2]Id. This is especially true in Florida where it is improper for courts to look beyond the face of a conviction to determine whether the conviction is for a crime involving dishonesty. Page, 449 So.2d at 816. Instead, the dishonesty must appear on the face of the conviction, such that an element of the crime reflects dishonesty. Cree, 969 F.2d at 38 n. 2; Page, 449 So.2d at 816. Because convictions for willful failure to file tax returns do not, on their face, require dishonesty or the making of a false statement, the trial court did not abuse its discretion in excluding evidence of the convictions. Cf. United States v. Yang, 887 F.Supp. 95, 96 (S.D.N.Y.1995)(holding that a conviction under a New York state statute for failure to file tax returns requires proof of a specific intent to evade taxes, and as such, can be used for impeachment purposes consistently with the Third Circuit holding in Cree); Commonwealth v. Vitale, 445 Pa.Super. 43, 664 A.2d 999, 1003-04 (1995)(holding that a witness may be impeached with evidence of a conviction under 26 U.S.C. ß 7201 because that crime requires an attempt to evade or defeat a tax, which implies cheating or defrauding the government, and, as such, involves dishonesty); but see United States v. Lundy, 416 F.Supp.2d 325 (E.D.Pa.2005)(failing to mention Cree and stating that the Third Circuit has upheld the use of convictions for failure to file tax returns for impeachment, but nevertheless prohibiting the introduction of such evidence).
Moreover, FedEx's claim that the trial court conducted a `trial within a trial' by listening to Dr. Gelbard's argument about why his convictions should be excluded is without merit. We agree that a trial court must determine from the face of the conviction whether a particular crime involves dishonesty or a false statement, without the benefit of hearing an explanation of how the crime was committed. Page, 449 So.2d at 816. However, the record in this case is abundantly clear that the trial court's decision was not based on Dr. Gelbard's assertions of the facts underlying the convictions, but was instead based on the state of the law, as represented by very capable attorneys. At the time of his initial ruling, the trial judge explicitly stated that he was not relying on Dr. Gelbard's version of the facts underlying his convictions. Similarly, at the hearing on the motion for new trial based on the exclusion of the convictions as impeachment evidence, the trial court explained that it did not remember Dr. Gelbard's explanation of the convictions and was not influenced by the explanation. Instead, the trial judge properly recognized that he was not to conduct a `trial within a trial' *474 and made his ruling based solely on the case law presented to him and his own legal intellect. Accordingly, we find no abuse of discretion.
Affirmed.
NOTES
[1] Section 90.610(1) of the Florida Statutes is the state counterpart to Rule 609(a)(1)-(2) of the Federal Rules of Evidence. As such, cases interpreting Rule 609 are persuasive authority for courts interpreting section 90.610(1). See ß 90.610(1), Fla. Stat. (2006) Commentary on 1978 Amendment; see also Seven Hills, Inc. v. Bentley, 848 So.2d 345, 352-53 (Fla. 1st DCA 2003); Powell v. River Ranch Prop. Owners Ass'n, 522 So.2d 69, 70 (Fla. 2d DCA 1988).
[2] That a conviction for willful failure to file a tax return may be had even where the taxpayer is owed a refund further supports our holding that this is not a crime involving dishonesty. See Eleventh Circuit Pattern Jury Instructions (Criminal Cases), Basic Instruction 94 (2003)(stating that the government is not required to prove that a tax is due and owing in a ß 7203 prosecution).